### SKILLMAN & WIFE vs. LACY.

The court of probates is not without a jurisdiction *ratione materia*, in a case in which some of the defendants are minors & some majors. The issue of a mortgaged female slave, born after a sale by the mortgagor, are in the hands of the vendee unaffected by the mortgage.

APPEAL from the court of probates of the Parish of St. Ma y.

MATTHEWS, J. delivered the opinion of the court. This is an appeal taken by the heirs of the original defendant, who died since the judgment rendered in a suit against him, from a judgment given in the court above stated, against them in their capacity as heirs, which decreed the original judgment to be executed.

The first objection to the proceedings of the plaintiffs, is a plea to the jurisdiction of

West'n Dis'ct
*August*, 1826.

SKILLMAN &
WIFE
*vs.*
LACY.

the court of probates, which com's rather ungraciously from the defen'ants, as they had succeeded in a plea of the kind before the district court, in consequence of which, the present suit was commenc'd before the court of probates. We are of opinion that the latter court is not wholly without jurisdiction *ratione materiae,* and although some of the defendants might possibly have been sued before the tribunals of ordinary juri-diction. yet as part of them are min rs the whole affair was well submitted to the probate court, more especially as to a mortgage on property of their ancestor.

Another objection is found on the record to rendering the original judgment executory, on account of uncertainty. We however believe it to be sufficiently certain to authorise the seizure of the mortgaged property, being clear and explicit to the amount of $3000.

Having thus disposed of these preliminary difficulties, we proceed to examine the errors complained of by the appellant in the judgment rendered by the court below. The property on which the tacit mortgage of the plaintiffs existed was two slaves, one of whom is a female. They were sold and delivered

into the possession of the ancestor of the defendants by the legal owner, against whom the mortgage which affected them was raised by operation of law. After the sale and transfer above stated, the female slave had several children, who by order of the court of probates have been seized, with the mother, and directed to be sold to satisfy the plaintiffs demand. This part of the judgment, the defendants allege to be erroneous, and insist, that however well established the general principle of law may be, that the fruits of mortgaged property are subjected to the mortgage while in the hands of the mortgagor; they cease to be subject to that bond or lien, when they accrue after a regular transfer of the original property to a *bona fide* purchaser and possessor. The doctrine thus assumed by the counsel for the appellants is, in our opinion, fully supported by the authorities which they cite. *See Cu. Phi. ver. Hypoteca* & R. D. B. 20, 1, 291. But it is contended on the part of the plaintiffs, that as some of those children, if not all, were born since the commencement of the suit against **Lacy** the ancestor, he and his heirs have been, ever since that period, possessors in bad faith and

West'n Dis'ct
*August.* 1826.

SKILLMAN
& WIFE
*vs.*
LACY,

are therefore bound to suffer the fruits or off spring of the slave, to be sold for their benefit. We are, however, of opinion, that a possessor under a legal title, in good faith, does not lose the advantage of such good faith until an order of a competent tribunal compels him to surrender to some equitable claim or lien the property by him thus legally held. According to the laws above cited, the children of the female slave, being born whilst the mother was in the possession of the ancestor of the plaintiffs, they became his property in clear and absolute ownership, unencumbered by the tacit mortgage of the appelles; and we have been unable to discover any facts in the record which in any manner infringe this absolute right acquired by the father, and which has descended to his children.

It is therefore ordered, adjudged and decreed, that the judgment of the court of probates be avoided, reversed and annulled: and it is further ordered, adjudged and decreed, that the order of seizure and sale, which is hereby granted, be restrained to the property or slaves who were affected by the mortgage of the plaintiffs, whilst they were in

SKILLMAN
& WIFE
*vs*
LACY.

the hands of Haney, the vendor to Lacy, and it is further ordered, adjudged and decreed, that the appellees pay the costs of this appeal.

*Simon* & *Bowen* for the plaintiffs, *Baker* & *Brownson* for the defendant.